**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:11-cr-0009 |
| ) | |
| **STEPHEN HYACINTH,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

**BEFORE THE COURT** are Defendant Stephen Hyacinth's ("Hyacinth"): (1) Motion for Sentence Reduction (ECF No. 35); (2) Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 36); (3) Emergency Motion for Expedited Ruling (ECF No. 66); and (4) Second Emergency Motion for Expedited Ruling (ECF No. 67). For the reasons stated below, the motions are dismissed for lack of jurisdiction.

**I. BACKGROUND**

On March 3, 2011, a grand jury returned a nine-count indictment against Hyacinth. (ECF No. 1.) On June 14, 2011, Hyacinth entered into an agreement with United States of America ("the Government"), pleading guilty to Count Four of the Indictment charging a violation of Title 14, Virgin Islands Code, Section 2253(a), Unauthorized Use of a Firearm during a First Degree Assault. In his plea agreement, Hyacinth agreed to waive his "right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742(a), or any other ground whatever," and he "expressly waive[d] the right to petition under 28 U.S.C. Section 2255." (ECF No. 22.) By a Judgment and Commitment dated September 28, 2011, Hyacinth was convicted upon his plea of guilty to Unauthorized Use of Firearm During a First Degree Assault, in violation of Title 14, Virgin Islands Code, Section 2253(a), as charged in Count Four of the Indictment, and was ordered to be "committed to the custody of the Bureau of Corrections of the Virgin Islands for a mandatory minimum term of fifteen (15) years imprisonment." (ECF No. 31.) The Third Circuit summarily granted the Government's motion to enforce appellate waiver and affirmed the

judgment. (ECF No. 34.) On June 3, 2019, Hyacinth filed a petition for a writ of habeas corpus in the Superior Court of the Virgin Islands, in which he argued that he was eligible for parole under 5 V.I.C. § 3711(a) and was denied because he was convicted pursuant to 14 V.I.C. § 2253(a), which carries minimum 15 years imprisonment before he could be eligible for parole. (ECF No. 41-1.)

## II. LEGAL STANDARD

> "A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." *United States v. Mezzanatto,* 513 U.S. 196, 201, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995). Further, a defendant may waive the statutory right to appeal if he does so with knowledge of the nature and consequences of the waiver. Thus, we will enforce appellate or collateral-attack waivers when they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice.

*United States v. Fazio*, 795 F.3d 421, 425 (3d Cir. 2015) (citations omitted). Where a defendant knowingly and voluntarily waived his right to appeal, "the waiver effectively deprives [the court] of jurisdiction." *United States v. Khattak,* 273 F.3d 557, 563 (3d Cir. 2001).

> [A] defendant is not obliged in his opening brief to acknowledge the existence of an appellate waiver and/or to explain why the waiver does not preclude appellate review of the substantive issue raised. Rather, it is only after the government has invoked an appellate waiver as a bar to our review that a defendant must raise any challenge to the waiver's enforceability.

*United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008). Although Hyacinth "expressly waive[d] the right to petition under 28 U.S.C. Section 2255" in his plea agreement, the Government has not invoked the waiver in its opposition to the motion. However, since the waiver deprives the Court of jurisdiction, the Court must determine whether the waiver should be enforced.

> In determining whether a waiver of appeal is "knowing and voluntary," the role of the sentencing judge is critical. Under Federal Rule of Criminal Procedure 11: (c) Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands the following: . . . (6) the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence.

*Khattak*, 273 F.3d at 563.

### III. DISCUSSION

*Whether the Waiver Was Knowing and Voluntary*

At the June 16, 2011 change of plea hearing the court addressed Hyacinth personally in open court. After being placed under oath, Hyacinth confirmed that he reviewed the proposed plea agreement in his case with his attorney and his was satisfied with his attorney's representation of him in this case. (ECF No. 32 at 5.) Hyacinth stated that he entered into the plea agreement on his own volition, and that no one forced him or made any promise to make him to enter into the plea agreement. (*Id.*) The court asked Hyacinth if he was aware that the plea agreement indicates he was willing to plead guilty to Count Four of the Indictment, charging a violation of Title 14, Section 2253 of the Virgin Islands Code, carrying a mandatory minimum sentence of 15 years imprisonment and he answered in the affirmative. (*Id.* at 6.) The court stated: "You should be aware that I can sentence you anywhere form 15, which is the mandatory minimum, to up to 20 years. Are you aware of that?" and Hyacinth answered that he was. (*Id.*) Concerning the waiver part of the plea agreement, the court informed Hyacinth and asked him the following:

> THE COURT: The plea agreement also provides that you will waive your right to appeal the sentence. In the normal course you have the right to appeal the sentence, to have a reviewing court review what this Court did. If you waive, that is, give up your right to appeal, there will be no right for you to appeal. Do you understand that?
> THE DEFENDANT: Yes, Your Honor.

(*Id.* at 6-7.) Upon finding that Hyacinth entered a voluntary and knowing plea to Count Four of the Indictment and that the plea was supported by a factual basis, the court accepted the plea. (*Id.* at 11.)

Although the court did not specifically asked Hyacinth about his waiver of "the right to petition under 28 U.S.C. Section 2255," the court informed Hyacinth and Hyacinth stated he understood that, if he waives his right to appeal the sentence, "there will be no right for you to appeal." Hyacinth's waiver of his right to appeal his sentence was broad and provided no exceptions. Under the circumstances, the Court finds that Hyacinth's waiver of any appeal of his sentence, including collateral appeal, was knowing, voluntary and valid. *Khattak*, 273

F.3d at 562 ("[W]e hold that waivers of appeals, if entered into knowingly and voluntarily, are valid.").

### *Whether the Waiver Enforcement Will Work a Miscarriage of Justice*

In his motion for sentence reduction, Hyacinth asserts that he "is not attempting to argue the legality of the imposition of his sentence," but seeks reduction because his sentence "was harsh in light of his none-criminal history." (ECF No. 35, at 4.) Hyacinth asserts in his motion pursuant to 28 U.S.C. § 2255 that his "attorney was ineffective by advising me to plead guilty to a crime and told me I would be paroled at 7 ½ years" and "failing to advise the court of the prejudicial language in the Judgment and Commitment which prevented me from being paroled." (ECF No. 36 at 5.)

> [E]ven if a miscarriage of justice could result from Petitioner's alleged ineffective assistance of counsel, a waiver does not "become [ ] unenforceable simply because a defendant claims . . . ineffective assistance, but only if the record of the criminal proceeding reveal[s] that the claim that the waiver was the result of ineffective assistance of counsel [is] meritorious." *United States v. Akbar,* 181 F. App'x 283, 286–87 (3d Cir. May 12, 2006) (internal citations and quotations omitted).

*Walker v. United States,* No. CIV.A. 2:09-4967 SDW, 2010 WL 3636244, at *4 (D.N.J. Sept. 8, 2010).

> Under the two-part test of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), [the movant]must demonstrate that his attorney's performance was deficient and that he was prejudiced by the deficiency. That is, he must prove that counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, 104 S.Ct. 2052, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. . . . [W]e have long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where, as here, an adequate plea hearing was conducted. *See, e.g., United States v. Jones,* 336 F.3d 245, 254 (3d Cir.2003) (counsel not ineffective for allegedly promising defendant a sentence of "no more than 71 months" where defendant was advised in open-court colloquy of potential maximum sentence and there were no other promises regarding sentence); *United States v. Mustafa,* 238 F.3d 485, 492 (3d Cir.2001) ("[A]ny alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court that there was no guarantee as to sentence, and that the court could sentence him to the maximum.");

> *Masciola v. United States,* 469 F.2d 1057, 1059 (3d Cir.1972) (*per curiam*) (holding that "[a]n erroneous prediction of a sentence by defendant's counsel does not render a guilty plea involuntary" where record demonstrates that a proper plea colloquy took place during which defendant acknowledged that he was aware of his maximum potential sentence).

*United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007).

The record is clear that, at his plea proceeding, Hyacinth was informed by the Court, and he confirmed he understood that the court can sentence him "anywhere from 15, which is the mandatory minimum, to up to 20 years." In light of the adequate plea hearing, any alleged misrepresentation that counsel may have made regarding the sentence was dispelled when Hyacinth was informed in open court and he confirmed he understood that the court could sentence him to "anywhere from 15, which is the mandatory minimum, to up to 20 years." *Mustafa,* 238 F.3d at 492. Hyacinth's ineffective assistance of counsel on the ground of the alleged misrepresentation of counsel concerning Hyacinth's sentence, is barred by the Third Circuit precedents. Consequently, he cannot show that enforcing the waiver will work a miscarriage of justice. As a result, the Court finds that it is without jurisdiction to entertain Hyacinth's motions.

Accordingly, it is hereby

**ORDERED** that Hyacinth's Motion for Sentence Reduction (ECF No. 35) and Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 36) are **DENIED for lack of jurisdiction;** it is further

**ORDERED** that Hyacinth's Emergency Motion for Expedited Ruling (ECF No. 66) and Second Emergency Motion for Expedited Ruling (ECF No. 67) are **MOOT;** it is further

**ORDERED** that a copy of this Order shall be docketed in *Hyacinth v. United States*, Case No. 3:19-cv-0108 and that the Clerk of the Court is directed to **CLOSE** that case.

**Dated:** August 11, 2023     */s/ Robert A. Molloy*
                              **ROBERT A. MOLLOY**
                              **Chief Judge**